Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00182-CR

David Cepeda **JONES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 1994-CR-5367W
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:  April 13, 2011

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence on August 5, 1997.  Assuming appellant had timely filed a motion for new trial, the latest possible date for appellant to have filed his notice of appeal was November 3, 1997.  *See* TEX. R. APP. P. 26.2(a).  On February 22, 2011, appellant filed a pro se notice of appeal.  On March 9, 2011, this court issued an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.  Appellant filed a written

response that does not provide a basis upon which this court may exercise jurisdiction over this appeal.

A late notice of appeal invokes the appellate court's jurisdiction in a criminal case only if (1) it is filed within fifteen days of the last day allowed for filing the notice of appeal, (2) a motion for extension of time is filed in the court of appeals within the fifteen-day grace period, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). This court may not extend the time to file a notice of appeal unless a motion for extension of time is filed in the appellate court within fifteen (15) days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. When a notice of appeal and a motion for extension of time are not filed within the fifteen-day grace period, the appellate court lacks jurisdiction. *Id*.; *Olivo*, 918 S.W.2d at 522; *but see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus in the trial court pursuant to article 11.07 of the Texas Code of Criminal Procedure). Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH